# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

JOHN ARKINE,

      Petitioner,

v.

                                          Case No:  8:16-cv-1908-T-30TGW
                                             Crim. Case. No. 8:15-cr-101-T-30TGW

UNITED STATES OF AMERICA,

      Respondent.

_____/

# <u>ORDER</u>

THIS CAUSE comes before the Court upon Petitioner John Arkine's pro se Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255  (CV Doc. 1). Under Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court must undertake a preliminary review of the motion.  "[I]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief," the Court must summarily dismiss the motion.  Rule 4(b) of the Rules Governing Section 2255 Proceedings; *cf. McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) (noting that Rule 4 permits a court to act sua sponte).  After carefully examining the motion, the Court concludes that Petitioner's motion, on its face, fails to establish a claim under § 2255.  Consequently, the motion should be summarily denied.

## BACKGROUND

Petitioner along with codefendants Semarie Paul, Johnson Cherubin, Teffan Delice, and Alfred Ince[1] were charged with (1) conspiracy to possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1), and (2) possession with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(ii) (Count 2). (CR Doc. 30). Pursuant to a written plea agreement, Petitioner pled guilty to Count 1. (CR Doc. 82). On January 1, 2016, Petitioner was sentenced to 46 months' imprisonment to be followed by 5 years' supervised release. (CR Doc. 177). Petitioner did not file a direct appeal.

Petitioner filed a timely § 2255 petition on June 24, 2016, raising two grounds for relief. (CV Doc. 1). In Ground 1, Petitioner asserts that his sentence was imposed in violation of 18 U.S.C. § 3553(a) because he received a higher sentence as compared with his codefendants for a similar role in the same crime. In Ground 2, Petitioner argues that the Court erred in failing to consider his cooperation with the government at sentencing.

## DISCUSSION

**GROUND 1: Whether Petitioner's sentence was imposed in violation of § 3553(a).**

Petitioner first asserts that his sentence was imposed in violation of § 3553(a) because his codefendants received lower sentences for a similar role in the same crime. (CV Doc. 1). Section 3553(a) provides that "[t]he court, in determining the particular

---

[1]Petitioner was also arrested along with Simone Walters and Jason Carmichael, but they were charged by separate indictments. (CR Doc. 1).

sentence to be imposed, shall consider . . . the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." § 3553(a)(6). Petitioner asserts that his codefendants received sentences below his sentence, and, therefore, the Court violated § 3553(a)(6) in imposing his sentence. Specifically, Petitioner's codefendants were sentenced as follows:

**Jason Carmichael**: sentenced to 37 months' imprisonment followed by four years' supervised release. *See United States v. Carmichael*, No. 8:15-cr-113-T-36 (Jan. 13, 2016) (Doc. 75).

**Alfred Ince**: sentenced to 30 months' imprisonment followed by 5 years' supervised release. (CR Doc. 190).

**Johnson Cherubin**: sentenced to 30 months' imprisonment followed by 5 years' supervised release. (CR Doc. 170).

**Teffan Delice**: sentenced to 30 months' imprisonment followed by 5 years' supervised release. (CR Doc. 186)

**Semaire Paul**: sentenced to 78 months' imprisonment followed by 5 years' supervised release.[2] (CR Doc. 204).

**Simone Walters**: sentenced to 24 months' imprisonment followed by 5 years' supervised release. *See United States v. Walters*, No. 8:15-cr-120-T-35JSS (Oct. 8, 2015) (Doc. 74).

While Petitioner's codefendants received lesser sentences than Petitioner—with the exception of Semarie Paul—the lesser sentences were based on a distinguishing factor. With respect to Petitioner's codefendants, the government moved for a four-level reduction based on the codefendants' substantial assistance under United States Sentencing Guideline § 5K1.1 because Petitioner's codefendants agreed to testify in *United States v.*

---

[2]Semarie Paul's sentence was greater than the other codefendants because she received a two-level upward adjustment under United States Sentencing Guideline § 3B1.1 for an aggravated role. (CR Doc. 195).

*Desrick Gordon*, No. 8:15-cr-301-T-23TGW.  (CR Docs. 167, 174, 175, 201); *Carmichael*, No. 8:15-cr-113-T-36 (Jan. 13, 2016) (Doc. 69).[3]  The Court granted those motions.  (CR Docs. 169, 185, 189, 203); *Carmichael*, No. 8:15-cr-113-T-36 (Jan. 15, 2016) (Doc. 74). Petitioner admits that he did not want to testify against Gordon because they are friends. (CV Doc. 2 at 4).  Because the disparity between Petitioner's sentence and that of his codefendants is accounted for by virtue of the government's § 5K1.1 motions, Petitioner's argument that his sentence was imposed in violation of § 3553(a) is without merit and Ground 1 of his motion should be denied.[4]

**GROUND 2: Whether the Court erred in failing to consider Petitioner's cooperation with the government at sentencing.**

Next, Petitioner argues that the Court erred by failing to consider Petitioner's cooperation with the government at sentencing.  As a preliminary matter, this claim does not appear to be cognizable under § 2255 because Petitioner does not allege that his sentence was imposed "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." § 2255(a).

---

[3]With respect to Simone Walters, Judge Scriven granted a two-level reduction at sentencing for a minor role and the Court also provided Walters with a downward variance.  *Walters*, No. 8:15-cr-120-T-35JSS (Oct. 7, 2015) (Doc. 73).

[4]The Court notes that Petitioner did not file a direct appeal and specifically waived his right to file a direct appeal pursuant to his plea agreement.  (CR Doc. 82).  Thus, it is conceivable that Plaintiff's claims are procedurally barred or waived pursuant to a valid appeal waiver.  But because Petitioner's claims fail on their face and because the government can waive a procedural bar and the record is not sufficiently developed regarding whether the appeal waiver was knowing and voluntary, the Court does not address whether Plaintiff's claims are procedurally barred or waived.

But even if his claim were cognizable, Petitioner would not be entitled to relief. United States Sentencing Guideline § 5K1.1 provides: "*Upon motion of the government* stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines."  (Emphasis added).  Similarly, § 3553(e) provides: "*Upon motion of the Government*, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense."  (Emphasis added).

Petitioner's plea agreement, which allows for a motion under § 5K1.1 or § 3553(e), specifically noted: "[Petitioner] understands that the determination as to whether 'substantial assistance' has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and [Petitioner] agrees that [he] cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise."  (CR Doc. 82 at 5-6).  Here, the government did not move for an adjustment for substantial assistance under U.S.S.G. § 5K1.1.  Absent an unconstitutional motive, that decision rested with the government.  *See Wade v. United States*, 504 U.S. 181, 185-86 (1992) (concluding that the government has broad discretion in deciding whether to file a motion pursuant to U.S.S.G. § 5K1.1).

Petitioner has not alleged that the government did not file a motion under U.S.S.G. § 5K1.1 on Petitioner's behalf based on an unconstitutional motive.  Rather, Petitioner appears to recognize that the government did not file a motion because Petitioner did not

5

testify against Desrick Gordon.  (CV Doc. 2 at 4).  Consequently, Petitioner's claim under

Ground 2 is also without merit.

## **CONCLUSION**

Because it plainly appears from the motion and the record of prior proceedings that

Petitioner is not entitled to relief, his motion should be denied under Rule 4(b) of the Rules

Governing Section 2255 Proceedings.

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1.      Petitioner John Arkine's Motion to Vacate, Set Aside, or Correct Sentence

Pursuant to 28 U.S.C. § 2255 (CV Doc. 1) is DENIED.

2.      The Clerk is directed to enter judgment against Petitioner, terminate any

pending motions as moot, and close this case.

3.      The Clerk is also directed to terminate from pending status the motion to

vacate found at Doc. 212, in the underlying criminal case, case no. 8:15-cr-101-T-30TGW.

## **CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL**
## **IN FORMA PAUPERIS DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of

appealability.  A prisoner seeking a writ of habeas corpus has no absolute entitlement to

appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1).  Rather, a district

court must first issue a certificate of appealability ("COA").  *Id.*  "A [COA] may issue . . .

only if the applicant has made a substantial showing of the denial of a constitutional right."

*Id.* at § 2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable

jurists would find the district court's assessment of the constitutional claims debatable or

wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).  Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

DONE AND ORDERED in Tampa, Florida on August 31, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

7